IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-HC-2220-FL

| | | |
|---|---|---|
| RICKY JEROME SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| U.S. PROBATION OFFICE, Eastern | ) | |
| District of North Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal probationer, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss (DE 14) filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner did not respond to the motion and thus the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On December 16, 2005, petitioner was sentenced in this court to a 78-month term of imprisonment and three-year term of supervised release following conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). United States v. Smith, No. 5:05-CR-157-FL (E.D.N.C. Dec. 16, 2005). Upon petitioner's release from imprisonment, the Bureau of Prisons ("BOP") transported petitioner to the United States Probation Office in Raleigh, North Carolina. (Mot. Prelim. Inj. (DE 3) at 2). Petitioner met with a probation officer, who allegedly refused to provide petitioner bus fare to return to Rocky Mount, N.C. (petitioner's hometown), or to otherwise arrange emergency housing for petitioner. (Id.) Petitioner also alleges the probation office denied additional post release

services, such as assistance obtaining identification, clothing, medical care, and food. (Pet. (DE 1) at 2). Petitioner filed the instant petition for writ of habeas corpus on December 27, 2017, alleging the probation office refused to provide "post release services." Respondent subsequently filed the instant motion to dismiss the petition. Despite notice of the motion provided pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner did not respond to the motion. (Roseboro Notice (DE 16)).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate petitioner is entitled relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Additionally, "attacks on the execution of a sentence are

properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Here, petitioner appears to challenge the execution of his sentence because he alleges the probation office failed to provide appropriate "post-release" services, such as assistance obtaining housing, food, and clothing. Petitioner does not seek immediate or speedier release from custody.

Petitioner's claims lack merit. Where a habeas petitioner challenges execution of his sentence, he must allege respondent failed to "execute" the specific terms of his criminal judgment. See In re Wright, 826 F.3d 774, 777 (4th Cir. 2016) (explaining "challenges [to] administrative rules, decisions, and procedures applied to [a] sentence" constitute challenges to the execution of a sentence) (emphasis added); Drollinger v. Milligan, 552 F.2d 1220, 1225 (7th Cir. 1977) (holding challenge to "conditions and terms" of probation is "an attack on the sentence of the trial court" and therefore is properly brought as a habeas action). Petitioner's criminal judgment sets forth the conditions of his supervised release, and such conditions do not require either BOP or the United States Probation Office to provide petitioner emergency shelter, food, medical aid, or clothing. See Judgment, United States v. Smith, 5:05-CR-157-001-FL (E.D.N.C. Dec. 16, 2007). The United States Probation Office therefore did not fail to properly execute petitioner's criminal judgment by failing to provide such items.

Additionally, to the extent petitioner alleges respondent violated the Eighth Amendment's proscription on cruel and unusual punishment by failing to provide emergency shelter and other basic necessities, petitioner's claim lack merit. The Eighth Amendment requires the government to provide adequate shelter and other basic necessities while a prisoner is incarcerated, but not after he is released from incarceration.[1] See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994); DeShaney

---

[1] Petitioner also does not allege BOP failed to provide critical medications to assist petitioner during his transition to new medical providers. See Wakefield v. Thompson, 177 F.3d 1160, 1163-64 (9th Cir. 1999).

v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196, 199-200 (1999) (holding constitution does not require states to provide housing or medical services to non-incarcerated persons). Thus, petitioner cannot claim that his probation violates the Eighth Amendment.

## CERTIFICATE OF APPEALABILITY

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 14) is GRANTED and the petition is dismissed. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge